IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 25-304 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT LASKIN REES | ) | |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Robert C. Schupansky, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

**I. THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor From on or about December 26, 2018, until in and around April, 2019. | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |

**II. ELEMENTS OF THE OFFENSE**

A.   **As to Count One:**

In order for the crime of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the United States must prove the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received or attempted to receive a visual depiction of a minor using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or by any means including by computer or mail;

2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew such visual depiction was of a minor engaged in sexually explicit conduct; and

3. That the visual depiction was of a minor engaging in sexually explicit conduct.

### III.  PENALTIES

**A.  As to Count One: Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)):**

1. A term of imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be imprisoned not less than fifteen (15) years nor more than forty (40) years.

2. A fine not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

### IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

Further, with respect to Count One, pursuant to 18 U.S.C. § 2259A(a)(2), an additional special assessment of $35,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

### V. **RESTITUTION**

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 2429, and 2259.

As to Count One, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

### VI. **FORFEITURE**

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney
PA ID No. 56816

*/s/ Robert C. Schupansky*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney
PA ID No. 82158